```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**KEVIN ATTAWAY,**

                              **Petitioner,**

            **v.**                        **CASE NO. 03-3049-RDR**

**N.L. CONNER,**

                              **Respondent.**

**O R D E R**

Petitioner, a prisoner in federal custody, proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. 2241. Having reviewed the record which includes respondent's answer and return and petitioner's traverse thereto, the court finds this matter is ready for decision.

Petitioner is in the custody of the Bureau of Prisons (BOP) for service of an aggregated sentence of 8 to 24 years imposed by the District of Columbia Superior Court in July 1992.[1] This aggregated sentence included a mandatory minimum five year term based on petitioner's possession of a firearm.[2] Petitioner

---

[1] Petitioner was transferred to BOP custody pursuant to the District of Columbia Revitalization Act of 1997, which made BOP responsible for petitioner's incarceration and treatment of petitioner's D.C. sentence. *See* District of Columbia Sentence Computation Manual PS 5880.32 (procedural manual for computing D.C. sentences).

[2] *See* D.C. Code §24-434 (DC ST §24-221.06, formerly cited as DC ST §24-434)(listing sentences exempt from institutional or educational good time credits).

alleges BOP error in the computation of institutional good time credit (IGT) for petitioner's D.C. sentence, and argues his parole eligibility and mandatory release dates are thereby unlawfully increased by BOP's failure to award IGT as required under D.C. law.

Citing petitioner's success in his administrative appeal, respondent contends the petition should be dismissed as moot because petitioner has received the sentencing credit sought in this action. Respondent cites a decision by the Office of General Counsel (OCG) at the Regional level which recognized error in the denial of IGT for the full eight years of petitioner's minimum sentence, and found petitioner was entitled to IGT after his service of the mandatory five year term for possessing a firearm.

Petitioner counters that his habeas application is not moot because the OCG granted only partial relief, finding petitioner was not entitled to IGT at a rate that included the five year mandatory term, and finding petitioner was not entitled to meritorious good time on the entire aggregated sentence. Respondent contends, however, that petitioner failed to properly present such claims in his administrative grievance, and instead raised them for the first time in his administrative appeal to the Central Office.

Petitioner flatly converts respondent's claim that he failed to exhaust available remedies, but the record fully supports

respondent's contention.[3]  Although petitioner argues in the alternative that exhaustion of administrative remedies is not required for federal habeas corpus review, that is not recognized law in this circuit.  *See* Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000)(exhaustion requirement applies to 2241 petitions as well as to 2254 petitions); Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986)(petitioner challenging BOP's computation of release date must exhaust BOP's administrative procedures "because the agency is in a superior position to investigate the facts").

The court thus concludes the petition should be dismissed.

---

[3]Petitioner's informal presentation of his complaint to staff asked for computation of good time on the non-exempt portion of his sentence, but the response stated that petitioner's entire minimum term was not eligible for good time credits because the minimum term included one or more counts listed in the D.C. Code §24-434 exceptions.  (Doc.1, Exh. 2-3.)  In his BP-9, petitioner again argued for good time on sentences not excluded by D.C. Code §24-434.  (Doc. 1, Exh. 4.)  The warden denied the appeal for the same reason stated in the earlier staff response.  Id.  In his BP-10, petitioner argues for the first time that application of PS 5880.32 to his D.C. sentence violates the Ex Post Facto Clause because it rendered non-exempt sentences ineligible for good time credit on the aggregated minimum term.  (Doc. 1, Exh. 5.)  The Regional Director's response  noted BOP's recent recognition that the exception rule under D.C. Code §24-434 applies only to the mandatory-minimum portion of the minimum term, and stated petitioner's administrative appeal was now moot because petitioner's sentence had been re-computed accordingly. (Doc. 1, Exh. 6.)  Petitioner then filed an appeal to the central office, arguing for the first time that he was entitled to additional good time credits on his entire prison term, including meritorious good time. (Doc. 1, Exh. 7.)  The national response indicated this new claim for additional good time would not be addressed because petitioner did not raise it below, and affirmed the re-computation of petitioner's sentence to reflect good time credit for the non-mandatory minimum term in petitioner's aggregated minimum sentence.  (Doc. 1, Exh. 8.)

Petitioner clearly obtained relief on the claim presented in his administrative grievance, thus his application for habeas corpus relief on said claim is moot.  To the extent petitioner seeks relief on additional claims raised in his administrative appeal to the central office or in the instant petition, no proper exhaustion of administrative remedies is demonstrated and habeas corpus review is premature.  As to these unexhausted claims, the petition is  dismissed without prejudice to petitioner pursuing any administrative review that might still be available on such claims.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed.

**IT IS SO ORDERED.**

DATED:  This 8th day of November 2005 at Topeka, Kansas.

 s/ Richard D. Rogers  
RICHARD D. ROGERS  
United States District Judge